IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHAMSIDIN ALI a/k/a Robert Saunders, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 15-1089-GMS |
| | ) |
| DELAWARE DEPARTMENT OF | ) |
| CORRECTION, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Shamsidin Ali, a/k/a Robert Saunders ("Ali"), an inmate at the James T.

Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42

U.S.C. § 1983[1] and the Religious Land Use and Institutionalized Persons Act of 2000

("RLUIPA"), 42 U.S.C. § 2000cc, *et seq.* (D.I. 2.) Ali appears *pro se* and has paid the filing

fee. The court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915A(a).[2]

**I.      BACKGROUND**

Ali, who is a Muslim, commenced this action alleging that the defendants refuse to

accommodate his religious dietary restrictions and observance of religious feasts, while

accommodating Jewish inmates' religious dietary restrictions and permitting observance of

Jewish religious feasts. The complaint alleges violations of RLUIPA (Count I), violations of the

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

[2]Section 1915A(b)(1) is applicable to all prisoner lawsuits regardless of whether the litigant paid the fee all at once or in installments. *Stringer v. Bureau of Prisons, Federal Agency*, 145 F. App'x 751, 752 (3d Cir. 2005) (unpublished).

Equal Protection Clause of Fourteenth Amendment (Count II) and the Free Exercise Clause of

the First Amendment (Count IV) to the United States Constitution, and violations of the Equal

Protection Clause (Count III) and Free Exercise Clause (Count V) under Article One of the

Delaware Constitution. Ali names as defendants the Delaware Department of Correction

("DOC") and Commissioner Robert Coupe ("Coupe"), Warden David Pierce ("Pierce"), and

Program Administrator Ronald Hosterman ("Hosterman")[3] in their official and individual

capacities. He seeks class certification, declaratory relief, prospective injunctive relief to provide

Halal meals (i.e., a religiously mandated diet), and compensatory and punitive damages.

## II.    STANDARD OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions

of 28 U.S.C. § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which

relief may be granted, or seeks monetary relief from a defendant who is immune from such

relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). The court must accept all factual

allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff.

*Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S.

89, 93 (2007). Because Ali proceeds *pro se*, his pleading is liberally construed and his

complaint, "however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915A(b)(1), a court may dismiss a

complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly

---

[3]Misspelled by Ali as Holsterman.

2

baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g.*, *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See e.g.*, *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915A, the court must grant Ali leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual

3

allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III.   DISCUSSION

The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54  (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). The State of Delaware has neither consented to Ali's suit nor waived its immunity. Hence, as an agency of the State of Delaware, the DOC is entitled to immunity under the Eleventh Amendment and it will be dismissed. *See e.g. Evans v. Ford*, 2004 WL 2009362, *4 (D. Del. Aug. 25, 2004) (dismissing claim against DOC, because DOC is state agency and DOC did not waive Eleventh Amendment immunity).

Counts II and IV allege violations of the United States Constitution pursuant to 42 U.S.C. § 1983. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citations omitted); *Ali v Howard*, 353 F. App'x 667, 672 (3d Cir. 2009). However, the Eleventh

4

Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law. *See Ex parte Young*, 209 U.S. 123 (1908). "This standard allows courts to order prospective relief, as well as measures ancillary to appropriate prospective relief." *Frew v. Hawkins*, 540 U.S. 431, 437 (2004) (internal citations omitted). Accordingly, Ali will be allowed to proceed with the § 1983 claims against Coupe, Pierce, and Hosterman in their official capacities that seek prospective injunctive relief. The court will dismiss the claims seeking monetary damages against Coupe, Pierce, and Hosterman in their official capacities as barred by the Eleventh Amendment. Ali may seek damages from Coupe, Pierce, and Hosterman in their individual capacities for the claims raised pursuant to 42 U.S.C. § 1983. *See Melo v. Hafer*, 912 F.2d 628. 635-36 (3d Cir. 1990), *aff'd*, 502 U.S. 21 (1991).

The claims in Counts III and V that allege violations of the Delaware constitution raised against Coupe, Pierce, and Hosterman in their official capacities, however, do not fall under the exception of *ex parte Young* because Counts III and V allege violations of Delaware law, not federal law. *See Ex Parte Young*, 209 U.S. at 123. Therefore, to the extent Ali seeks prospective injunctive relief and declaratory relief against Coupe, Pierce, and Hosterman, in their official capacities, for violations of State law, the claims will be dismissed by reason of Eleventh Amendment immunity. *Pennhurst v. Halderman*, 465 U.S. 89, 121 (1984) (claims for violation of state law cannot be brought in federal court under pendent jurisdiction). Ali may seek damages from Coupe, Pierce, and Hosterman in their individual capacities for the claims alleging violations of the Delaware Constitution. *See Malachi v. Sosa*, 2011 WL 2178626, at \*3 (Del. Super. 2011).

5

Finally, Count I violations of RLUIPA. Ali cannot maintain a RLUIPA action for monetary damages against the defendants in their individual or official capacities. RLUIPA does not permit actions for damages against state officials in their individual capacities, *see Sharp v. Johnson*, 669 F.3d 144, 1534 (3d Cir. 2012), or in their official capacities by reason of Eleventh Amendment immunity, *see Sossamon v. Texas*, 563 U.S. 277, 293 (2011). Sovereign immunity thus bars the claims for damages against Coupe, Pierce, and Hosterman and those claims will be dismissed. The only relief potentially available under RLUIPA is injunctive or declaratory relief. *See Payne v. Doe*, ___F. App'x ___, 2016 WL 123624, at *4 (3d Cir. 2016). Therefore, the court will dismiss the RLUIPA claims against the defendants that damages.

## IV. CONCLUSION

For the above reasons and to summarize: (1) the DOC will be dismissed as a defendant; (2) the official capacities claims raised against Coupe, Pierce, and Hosterman pursuant to 42 U.S.C. § 1983 will be dismissed to the extent that Ali seeks monetary damages from them in their official capacities; (3) Ali may seek damages from Coupe, Pierce, and Hosterman in their individual capacities for the claims raised pursuant to 42 U.S.C. § 1983; (4) Ali may seek prospective injunctive relief as set forth in *ex parte Young* for the claims raised under § 1983 that allege violations of federal law against Coupe, Pierce, and Hosterman in the official capacities; (5) the claims alleging violations of Delaware's constitution raised against Coupe, Pierce, and Hosterman in the official capacities seeking injunctive relief will be dismissed; (6) Ali may seek damages from Coupe, Pierce, and Hosterman in their individual capacities for the claims alleging violations of the Delaware Constitution; (7) Ali may seek prospective injunctive relief and declaratory relief under RLUIPA from Coupe, Pierce, and Hosterman in their official capacities;

6

(8) the court will dismiss the RLUIPA claims seeking for monetary damages against Coupe, Pierce, and Hosterman in their individual and official capacities; and (9) the court will address the issue of class certification upon the filing of a properly supported motion.

An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

_____, 2016
Wilmington, Delaware

7