IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHAMSIDIN ALI, <br> a/k/a Robert Saunders, <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER ROBERT COUPE, <br> et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civ. Action No. 15-1089-GMS <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM**

The plaintiff, Shamsidin Ali, a/k/a Robert Saunders ("Ali"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983[1] and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq.* (D.I. 2.) Ali appears *pro se* and has paid the filing fee. Pending are Ali's motion for class certification (D.I. 12) and requests for counsel (D.I. 13, 16).

**I.  BACKGROUND**

Ali, who is a Muslim, commenced this action alleging that the defendants refuse to accommodate his religious dietary restrictions and observance of religious feasts, while accommodating Jewish inmates' religious dietary restrictions and permitting observance of Jewish religious feasts. The complaint alleges violations of RLUIPA, the Equal Protection Clause of Fourteenth Amendment, and the Free Exercise Clause of the First Amendment to the

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

United States Constitution, and violations of the Equal Protection Clause and Free Exercise Clause under Article One of the Delaware Constitution.

## II. MOTIONS

### A. Requests for Counsel

Ali requests counsel on the grounds that he is unable to afford counsel, he has diligently sought counsel, the case will involve the discovery of documents that are unobtainable to him and depositions will be required, his medical condition hampers his ability to sit for long periods, expert testimony is required, and he seeks class certification. (D.I. 13, 16.) Representation for an indigent is governed by 28 U.S.C. § 1915(e)(1) which provides that the court "may request an attorney to represent any person unable to afford counsel." Although a plaintiff does not have a constitutional or statutory right to an attorney,[2] a district court may seek legal representation by counsel for a plaintiff who demonstrates "special circumstances indicating the likelihood of substantial prejudice to [the plaintiff] resulting . . . from [the plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Tabron v. Grace*, 6 F.3d 147, 154 (3d Cir. 1993) (citing *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984)).

Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints

---

[2] *See Mallard v. United States District Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request."; *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993) (no right to counsel in a civil suit).

placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (5) the degree to which the case turns on credibility determinations or expert testimony. *Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56.

As noted, 28 U.S.C. § 1915(e)(1) allows for appointment of counsel to a litigant who is "unable to afford counsel." "Before appointing counsel under § 1915(d), courts should consider whether an indigent plaintiff could retain counsel on his or her own behalf. If counsel is easily attainable and affordable by the litigant, but the plaintiff simply has made no effort to retain an attorney, then counsel should not be appointed by the court. *Tabron*, 6 F.3d at 157 n.5 Here, Ali paid the filing fee only after he was denied leave to proceed *in forma pauperis* by reason of 28 U.S.C. § 1915(g) that provides that a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if he has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Ali's prison trust account statement indicates that he does not have the financial means to retain counsel. Therefore, the court find that Ali is unable to afford counsel.

However, after reviewing Ali's motion, the court concludes that the case is not so factually or legally complex that requesting an attorney to represent Ali is warranted. Ali's filings in this case demonstrate his ability to articulate his claims and represent himself. In addition, he is a frequent litigator and has much experience in this court. Finally, as discussed

below, the court will deny Ali's motion for class certification. Thus, in these circumstances, the court will deny without prejudice to renew the requests for counsel. (D.I. 13, 16.)

**B.     Motion for Class Certification**

Ali moves for class certification on behalf of all Muslin prisoners services sentences under the jurisdiction of the Delaware Department of Correction ("DOC"). (D.I. 12.) Ali recites the elements necessary for class certification and concludes that he has met the requirements for class certification pursuant to Fed. R. Civ. P. 23.

A party seeking class certification bears the burden of proving that the proposed class action satisfies the requirements of Federal Rule of Civil Procedure 23. *See Johnston v. HBO Film Mgmt., Inc.*, 265 F.3d 178, 183-84 (3d Cir. 2001).

> To maintain a class action under Federal Rule of Civil Procedure 23, a plaintiff must first show that "the class is so numerous that joinder of all members is impracticable" (numerosity); that "there are questions of law or fact common to the class" (commonality); that "the claims or defenses of the representative parties are typical of the claims or defenses of the class" (typicality); and that "the representative parties will fairly and adequately protect the interests of the class" (adequacy). See Fed. R. Civ. P. 23(a). Second, the plaintiff must show that the class action falls within one of the three types enumerated in Rule 23(b) . . . .

*Gayle v. Warden Monmouth Cnty. Corr. Inst.*, 838 F.3d 308-09 (3d Cir. 2016). "Class certification is proper only 'if the trial court is satisfied, after a rigorous analysis, that the prerequisites' of Rule 23 are met." *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 309 & n.5 (3d Cir. 2008), as amended (Jan. 16, 2009) (quoting *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 161 (1982)).

"Numerosity requires a finding that the putative class is so numerous that joinder of all members is impracticable." *See Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d

Case 1:15-cv-01089-GMS Document 17 Filed 12/05/16 Page 5 of 6 PageID #: 117

154, 168 (2001); Fed. R. Civ. P. 23(a)(1). "No single magic number exists satisfying the numerosity requirement," but the United States Court of Appeals for the Third Circuit generally has approved classes of forty or more. *Stewart v. Abraham*, 275 F.3d 220, 226-27 (3d Cir. 2001); *Moskowitz v. Lopp*, 128 F.R.D. 624, 628 (E.D. Pa. 1989). The complaint contains one plaintiff. Ali's motion states in a conclusory manner that there are more than 500 inmates imprisoned in the DOC who are Muslims. The complaint, however, makes no reference to the number of putative class members. In addition, the complaint states that Ali is a "Muslim who follow[s] the doctrines, teachings, and practice of Islam" (D.I. 2 at 2), but there is no mention that the proposed class members who identify as Muslim are also adherents of Islam. Based upon the foregoing, the court finds that Ali has failed to satisfy the numerosity requirement.

With regard to typicality and commonality, Rule 23 does not require that the representative plaintiff have endured precisely the same injuries that have been sustained by the class members, only that the harm complained of be common to the class, and that the named plaintiffs demonstrate a personal interest or "threat of injury . . . [that] is 'real and immediate,' not 'conjectural' or 'hypothetical.'" *Hassine v. Jeffes*, 846 F.2d 169, 177 (3d Cir. 1988) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974)). Ali sets forth the questions of law and fact common to class members as follows: (1) whether the defendants have been deliberately indifferent to the religious entitlements to Muslim inmates; (2) did the defendants discriminate against Muslim inmates; (3) where Jewish inmates accorded religious benefits not provided Muslim inmates. Given the allegations, it may be that a prospective class of Muslim inmates may have in common at least one claim and utilize the same theory.

As to the fourth prong, Ali states that he is capable of fairly and adequately protecting the interest of the plaintiff claims because he does not have any interest antagonistic to the class. (D.I. 12, ¶ 6.) Plaintiff, however, is an incarcerated individual and he appears *pro se.* "[*P*]*ro se* litigants are generally not appropriate as class representatives." *Hagan v. Rogers*, 570 F.3d 146, 159 (3d Cir. 2009) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("it is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action")). Ali may not represent other plaintiffs or proceed as the class representative and, as discussed above, the court will deny his requests for counsel. Inasmuch as Ali proceeds *pro se*, the court finds that class certification is inappropriate. *See Hagan*, 570 F.3d at 159 (noting that it was inappropriate for the district court to deny class certification on the basis of inadequate representation without first deciding the plaintiff's motion to appoint counsel as the district court had deferred any consideration of the plaintiff's motion to appoint counsel).

For the above reasons, the court finds that the requirements of Fed. R. Civ. Rule 23 have not been and, therefore, will deny Ali's motions for class certification. (D.I. 12.)

## III. CONCLUSION

For the above reasons, the court will: (1) deny the motion for class certification (D.I. 12); and (2) deny the requests for counsel without prejudice to renew (D.I. 13, 16).

An appropriate order will be entered.

_Dec 2_, 2016
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE

6