IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHAMSIDIN ALI a/k/a ROBERT SAUNDERS, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) C.A. No. 15-1089 (MN) |
| COMMISSIONER ROBERT COUPE, et al., | )<br>)<br>) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 24th day of August 2020, having considered this matter for the limited purpose of whether Plaintiff is entitled to relief under Federal Rules of Appellate Procedure 4(a)(5) or 4(a)(6) as directed by the United States Court of Appeals for the Third Circuit;

1.   On December 17, 2019, the Court granted Defendants' motion for summary judgment and enter judgment in favor of Defendants and against Plaintiff. (D.I. 69, 70, 71). The Memorandum Opinion, Order, and Judgment were mailed to Plaintiff that day and returned to the Court as undeliverable on January 14, 2020. (D.I. 72). On January 21, 2020, counsel for Defendants advised the Court that the mailing had been returned because it was addressed to Plaintiff's alias and the prison mailroom could not identify Plaintiff as the correct person to receive the letter. (D.I. 73). Defense counsel advised that once he discovered the prison system had failed to list Plaintiff's alias name, the issue was corrected. (*Id*.). Defense counsel then asked prison staff to hand-deliver all documents that were returned as undeliverable and Plaintiff received copies of the December 17, 2019 Memorandum Opinion, Order, and Judgment on January 17, 2020 as evidenced by Plaintiff's signed receipt. (D.I. 73). Plaintiff filed a notice of appeal on January 24, 2020, *Shamsidin v. Delaware Department of Correction*, No. 20-1173

(3d Cir.). In the notice, Plaintiff explains he did not receive the December 17, 2019 order until January 17, 2020. In addition, Plaintiff attached defense counsel's explanation letter regarding service and delivery of the December 2019 Memorandum Opinion, Order and Judgment. (D.I. 74). The Court construes the notice of appeal with the attached letter as a combined notice of appeal and motion to extend the time to appeal.

2. On August 12, 2020, after noting that it may hear appeals only if they are timely filed, the United States Court of Appeals for the Third Circuit remanded this matter for the limited purpose of whether Plaintiff is entitled to relief under Federal Rules of Appellate Procedure 4(a)(5) or 4(a)(6). Rule 26(b)(1) of the Federal Rules of Appellate Procedure provides that a court may extend the time to file a notice of appeal only as authorized under Fed. R. App. P. 4. Rule 4 includes two subsections that are potentially relevant: Rule 4(a)(5) and Rule 4(a)(6).

3. Under Rule 4(a)(5), the Court can extend the time if the Plaintiff moves within 30 days after the expiration of the time to appeal and shows good cause or excusable neglect. *See* Rule 4(a)(5). Under Rule 4(a)(6), the Court can reopen the time to appeal if Plaintiff did not receive notice of the judgment and Plaintiff filed a motion within 180 days after the judgment is entered or within 14 days of receipt.

4. The Court turns to Rule 4(a)(5). As to the time requirement, the Court issued its Order granting Defendants' motion for summary judgment on December 17, 2019. Plaintiff's time to appeal expired on January 16, 2020. *See* Fed. R. App. P. 4(a)(1)(A). Under Rule 4(a)(5)(A)(i), Plaintiff had another 30 days, until February 17, 2020, to file a timely Rule 4(a)(5)

motion.[1]  He timely filed his combined notice of appeal and motion to extend the time to appeal on January 24, 2020.

5. Under Rule 4(a)(5)(A)(ii), the Court must also determine whether Plaintiff has demonstrated excusable neglect or good cause.  Factors to consider in determining whether excusable neglect exists include:  (1) the danger of prejudice to the nonmovant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.  *See In re Diet Drugs Product Liability Litigation*, 401 F.3d 143, 153-54 (3d Cir. 2005) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395-97 (1993)).  As for determining if there is good cause to grant an extension, the "good cause standard applies in situations in which there is no fault – excusable or otherwise.  In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant."  Fed. R. App. P. 4(a)(5)(A)(ii) Advisory Committee Note (2002 amendments).

6. The Court concludes that there is good cause for granting an extension, and that excusable neglect has been shown as the *Pioneer* factors weigh in favor of granting Plaintiff's motion.  More specifically, any delay is not attributable to Plaintiff.  He had no control over the undeliverable mail, and once he was hand delivered the December 17, 2019 Memorandum Opinion, Order, and Judgment, he made a good faith effort in filing his combined notice of appeal and motion without delay.  Also, nothing indicates that Defendants will be prejudiced by permitting Plaintiff to file a late notice of appeal.  Finally, denying the motion would produce a harsh result for Plaintiff, who again, had no control over the delay.  Therefore, the Court will grant

---

[1] The exact date fell on a weekend, Saturday, February 15, 2020, and thus Plaintiff had until Tuesday, February 18, 2020 to file the motion (Monday, February 17, 2020 was a Federal Holiday).

the motion for an extension of time to file a notice of appeal.   Because it is appropriate to grant Plaintiff's motion to extend the time to appeal under Rule 4(a)(5), the Court finds it unnecessary to determine whether relief is also appropriate under Rule 4(a)(6).

      **THEREFORE, IT IS HEREBY ORDERED** that:

1.     The motion for an extension of time appeal (D.I. 74) is **GRANTED**.

2.     Plaintiff may file a Notice of Appeal to the United States Court of Appeals for the Third Circuit within **fourteen (14) days** after entry of this Order.   *See* Fed. R. App. P. 4(a)(5)(C).

          */s/ Maryellen Noreika*
          The Honorable Maryellen Noreika
          United States District Judge